IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| GREGORY SANDERS, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 04-0695-CV-W-HFS |
| ROBERT GREENE, et al., | ) |
| Defendants. | ) |

**ORDER**

Before the court is the motion of defendant, William Stankey, to dismiss the action for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6). Also, before the court is defendant Stankey's motion to stay the proceedings and to compel arbitration. Finally, before the court is the motion of plaintiffs Gregory Sanders, Tad Deorio, Chris Marsey, Ron Hofman, and Robert Hatlelid, collectively *dba* Vertical Market Applications, for an extension of time to serve defendant Robert Greene.

Background Facts

Plaintiffs commenced this action on August 10, 2004, initially alleging claims against defendants Robert Greene and William Stankey.[1] On August 15, 2004, plaintiffs filed an amended

---

[1] The claims included patent infringement; breach of contract; trade secret misappropriation; unfair competition; fraud; usurpation of corporate opportunity; and tortious interference with actual and prospective contractual business relationships.

complaint alleging the same claims, designating defendant Robert Greene as Bob Greene Enterprises, and adding Westport Entertainment as a defendant to the action.

By motion filed on February 1, 2005, defendant Stankey sought to dismiss count I alleging patent infringement due to lack of subject matter jurisdiction. According to Stankey, a diligent search of all public records from the United States Patent and Trademark Office failed to locate either plaintiffs' patent, or a pending patent application. Stankey also sought to dismiss the remaining claims due to lack of diversity of citizenship. Stankey noted that although plaintiffs claimed to be an L.L.C, organized under the laws of Missouri, it is not a named party. Moreover, plaintiffs failed to plead the residency of each of the party plaintiffs.

In opposition to Stankey's motion, plaintiffs filed a motion seeking leave to file a second amended complaint, and sought to dismiss their claim for patent infringement, and to include the residency of each plaintiff.

Plaintiffs motion was granted; however, pursuant to an agreement between the parties, Stankey requests that the action be stayed and that the parties be compelled to arbitrate their dispute. Plaintiffs agree that the agreement requires the parties to submit to arbitration any disputes arising related to the agreement; but, argue that by actively participating in this lawsuit, Stankey has waived the right to arbitrate. N & D Fashions, Inc. v. DHJ Industries, Inc., 548 F.2d 722, 728 (8th Cir. 1977).

### Arbitration Waiver

The party seeking arbitration may be found to have waived his right to it if he "(1) knew of an existing right to arbitration; (2) acted inconsistently with that right; and (3) prejudiced the other party by these inconsistent acts." Kelly v. Golden, 352 F.3d 344, 349 (8th Cir. 2003).

2

A party acts inconsistently with its right if it " '[s]ubstantially invoke[s] the litigation machinery' before asserting its arbitration right" by failing to request a stay and fully adjudicating its rights. Kelly, at 349. The actions must result in prejudice to the other party for waiver to have occurred. Id. Prejudice results when, *inter alia*, parties use discovery not available in arbitration, when they litigate substantial issues on the merits, or when compelling arbitration would require a duplication of efforts. Id.

Contrary to plaintiffs contentions, Stankey has not waived his right to arbitrate. First, due to various events, all on plaintiffs' behalf[2], Stankey was not even served until January 14, 2005; just five (5) months ago. Further, plaintiffs have requested three (3) extensions of time to serve defendant Greene, and to-date, service has not been accomplished. The court's records fail to indicate service of process against defendant Westport Entertainment. Discovery has not commenced, and there has been no litigation of substantial issues on the merits. In view of the present circumstances at bar, plaintiffs have not been subjected to prejudice.

Accordingly, it is hereby

ORDERED that defendant Stankey's motion to dismiss (ECF doc. 12) is DENIED as moot. It is further

ORDERED that defendant Stankey's motion to stay the action and to compel arbitration (ECF doc. 13) is GRANTED. All proceedings in this case are stayed for six months from the date of entry of this order. The parties are further directed to proceed to arbitration forthwith, and to file a status report with the court at the expiration of this stay. It is further

---

[2]Shortly after commencing this lawsuit, plaintiffs' counsel withdrew from representation on their behalf; counsel subsequently re-entered his appearance.

ORDERED that plaintiffs' third motion for an extension of time to serve defendant Greene (ECF doc. 22) is DENIED as moot.

       /s/ Howard F. Sachs
       HOWARD F. SACHS
       UNITED STATES DISTRICT JUDGE

June 27, 2005

Kansas City, Missouri